IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 22-00186-KD-MU |
| | ) |
| CHARLES EDWARD TILLMAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On January 19, 2023, pursuant to a written plea agreement, Defendant Charles Edward Tillman pled guilty to the offense of possession of a firearm by a prohibited person (felon) (doc. 23). His sentencing was set for April 14, 2023. In the interim, Tillman obtained a psychological evaluation by a clinical neuropsychologist who found that Tillman was not competent to assist with his defense (doc. 35, under seal). Following receipt of this evaluation, the sentencing hearing was rescheduled for June 2, 2023. At that hearing, the Court and the parties discussed the evaluation and whether the sentencing hearing should proceed. As a result, the United States orally moved for a psychiatric or psychological examination with the Federal Bureau of Prisons. Tillman did not oppose the motion. The motion was granted and Tillman was sent for a psychiatric or psychological examination with the Federal Bureau of Prisons (doc. 38).

In August 2023, the Court and the parties received a copy of the Psychological Evaluation from the Bureau of Prison's Federal Medical Center in Fort Worth, Texas (doc. 42). The BOP Psychologist concluded that there was "no objective evidence to indicate that Mr. Tillman suffers from signs or symptoms of a major mental disease or defect … or an organic disorder, that would impair his present ability to understand the nature and consequences of the proceedings against him or to assist properly in his defense" (doc. 42, p. 16).

The competency hearing pursuant to 18 U.S.C. § 4247(d) was held September 19, 2023.

Defendant Tillman, his defense counsel Latisha V. Colvin, and Assistant United States Attorney Georg May were present. The United States presented the video testimony of the BOP psychologist. Tillman presented the testimony of his wife, the Mitigation Specialist with the Office of the Federal Defender, and the clinical neuropsychologist.

"The Due Process Clause of the Fifth Amendment requires that a defendant be mentally competent to be tried or convicted." United States v. Harris, 741 Fed. Appx. 663, 667 (11th Cir. 2018) (citing United States v. Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014)). Tillman shall be considered mentally competent to stand trial if found to have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960); Adams v. Wainwright, 764 F.2d 1356, 1359-60 (11th Cir.1985), *cert. denied*, 474 U.S. 1073, 106 S. Ct. 834 (1986) (same); Harris, 741 Fed. Appx. at 667 (quoting Rodriguez, 751 F.3d at 1252) ("The standard of competence is 'whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and whether the defendant has a rational and factual understanding of the criminal proceedings."); United States v. Evans, 332 Fed. Appx. 561, 562 (11th Cir. 2009) ("For a defendant to be competent ..., he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] ha[ve] a rational as well as factual understanding of the proceedings against him.'") (quoting United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam)). See also Godinez v. Moran, 509 U.S. 389, 401 n.12, 113 S. Ct. 2680, 2687 (U.S. 1993) ("the question is whether [the defendant] has the ability to understand the proceedings.").

The Court has considered the psychological evaluations, the parties' respective arguments, and the witnesses' testimony presented at the competency hearing. Accordingly, for

reasons set forth in the record, and in the BOP psychologist's evaluation which the Court adopts as its reasoning, the Court finds by a preponderance of the evidence that Tillman is not "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" 18 U.S.C. § 4241(d).  Therefore, Tillman is competent to proceed to sentencing.

The sentencing hearing is scheduled for **October 5, 2023, at 1:30 p.m.** before the undersigned in Courtroom 4B, United States Courthouse, 155 St. Joseph St., Mobile, Alabama 36602.

The United States' Marshal is directed to produce Defendant Tillman at this hearing.

DONE and ORDERED this 20th day of September 2023.

>  s / Kristi K. DuBose
>  KRISTI K. DuBOSE
>  UNITED STATES DISTRICT JUDGE